UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL WAYNE HILL,
    Plaintiff,

vs.                                      Case No.: 3:22cv06019/TKW/ZCB

CASH AMERICA EAST INC, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on May 6, 2022. (Doc. 1). The Court determined Plaintiff's initial complaint failed to plausibly allege a claim for relief and provided Plaintiff an opportunity to amend his complaint. (Docs. 10, 12). Plaintiff then filed an amended complaint, which is currently before the Court. (Doc. 15). Upon review of the amended complaint, the Court believes it should be dismissed for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff names two Defendants, Cash America East, Inc., a pawn shop, and Rick Wessel, who appears to be in some way affiliated with Defendant Cash

America East.[1]  (Doc. 15 at 2-3).  On December 19, 2020, Plaintiff and Defendants entered into a layaway agreement for the purchase and sale of a handgun, contingent upon the results of a criminal background check.  (*Id.* at 9).  The agreement stated that any disputes arising from or in anyway connected with the agreement would be resolved only by arbitration.  (*Id.* at 9, 15).

Plaintiff then made periodic payments toward the handgun's purchase price, until March 2021 when the remaining balance was $5.00.  (*Id.* at 10).  At that point, an "employee" of Defendants told Plaintiff that Plaintiff "did not pass the Background Check."  (*Id.*).  Plaintiff states he "asked the employee for the information used to base the decision with (sic)" and "[t]he employee told [Plaintiff] no."  (*Id.*).  Plaintiff alleges the employee "instead gave [Plaintiff] a handwritten note with the non-approval Number, the Date Processed, and the FDLE[2] phone number."  (*Id.*).  Plaintiff was then given store credit for the layaway payments made toward the handgun, minus a restocking fee.  (*Id.*).

In his amended complaint, Plaintiff alleges that Defendants violated Florida statute § 119.07(1)(a), a state statute allowing for inspections of public records, and

---

[1] Plaintiff lists the same address for Defendant Rick Wessel and Defendant Cash America East.  (Doc. 15 at 2-3).
[2] This acronym appears to stand for the Florida Department of Law Enforcement.

2

Florida statute § 790.065(4)(a), which, Plaintiff alleges, requires destruction of such records "within 48 hours after the day of the response to the licensee's request." (*Id.* at 10-11). Plaintiff claims he is entitled to $500,001.00 in monetary damages as compensation for the "forever lost record." (*Id.*).

## II.   Discussion

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Walker v. Sun Trust Bank*, 363 F. App'x 11, 15 (11th Cir. 2010).

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005); *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). A plaintiff cannot establish federal question jurisdiction by invoking a federal law "solely to obtain jurisdiction." *Abele*, 130 F. App'x at 343. Further, claims based on state law do not confer federal question jurisdiction. *See Dunlap v.*

3

*G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). Federal question jurisdiction can exist for state law claims only when the state cause of action "is brought to enforce a duty created by the federal law." *Welch v. Atmore Cmty. Hosp.*, 704 F. App'x 813, 816-17 (11th Cir. 2017) (cleaned up).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond.[3] *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's amended complaint, it provides no basis for federal subject matter jurisdiction. Although the amended complaint states that this

---

[3] The objection period following a report and recommendation provides parties, including those proceeding *pro se*, with both notice and an opportunity to respond. *See Zapata v. Gonzalez*, No. 8:18cv2577-T-23ap, 2020 WL 5534656, at *12 n.12 (M.D. Fla. Aug. 3, 2020); *Minnis v. Fink*, No. 4:17cv168-rh/cas, 2018 WL 3596065, at *5 n.5 (N.D. Fla. June 8, 2018).

matter has been brought pursuant to the Court's federal question jurisdiction,[4] the allegations set forth in the amended complaint do not raise a federal question. Instead, the amended complaint alleges that Defendants violated Florida state law regarding the firearm background check procedure. It is not alleged that there is any federal background check law that was violated by Defendants.

Plaintiff entered into a layaway agreement with Defendants regarding the purchase of the firearm. That layaway agreement contained an arbitration provision referencing the Federal Arbitration Act. Plaintiff's amended complaint appears to claim that this arbitration provision provides the Court with federal subject matter jurisdiction. That is incorrect because the "Arbitration Act . . . creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997) (cleaned up). Because the Arbitration Act "does not confer subject matter jurisdiction . . . . [i]ndependent grounds for subject matter must be demonstrated." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (citation omitted).

---

[4] Plaintiff would not have been able to invoke diversity jurisdiction because all the parties are Florida residents. (Doc. 15 at 2-3).

In this case, Plaintiff has not alleged any independent grounds for federal subject matter jurisdiction other than the Arbitration Act. Plaintiff has only cited Florida state statutes, which are insufficient to confer federal subject matter jurisdiction.[5] *See Ray v. Tennessee Valley Authority*, 677 F.2d 818, 825 (11th Cir. 1982) (upholding the dismissal of a complaint for lack of federal question jurisdiction when the underlying claim was based on Alabama state law). Moreover, Plaintiff's amended complaint is seeking "*only*" a "monetary award" of $500,001. (Doc. 15 at 11) (emphasis added). In any event, although Plaintiff references compelling arbitration under the Arbitration Act, the relief he seeks is monetary damages—which is not something that would be awarded in action to compel arbitration.

Plaintiff's amended complaint also cites, without sufficient explanation, 34 U.S.C. § 40901(e)(1)(D)(i). This statute mandates that federal agencies shall "update, correct, modify, or remove" a record from any database maintained by the agency if the "basis under which a record was made available" does not apply. 34

---

[5] The Supreme Court has instructed that if a party brings an action to compel arbitration under the Arbitration Act, courts are to "look through" the petition to compel arbitration "to determine whether it is predicated on an action that arises under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). If this action is viewed as one to compel arbitration and the Court "looks through," it is clear this case is predicated on an action under state law and not federal law.

6

U.S.C. § 40901(e)(1)(D)(i). Again, this federal statute does not create a cause of action for Plaintiff; rather, it mandates how federal agencies should administer and manage their records. *See* 34 U.S.C. § 40901(e); *see also City of New York v. United States Dept. of Def.*, No. 1:17-cv-01464, 2018 WL 1937347, at *3 (E.D. Va. April 24, 2018) (determining that 34 U.S.C. § 40901(e) did "not create rights in the [p]laintiffs" but was rather a provision reserved for federal agencies). Plaintiff is a private citizen, not a federal agency. This statute, therefore, does not apply and provides Plaintiff with no basis to commence an action in federal court.

Because Plaintiff's amended complaint fails to provide a basis for federal subject matter jurisdiction, this case should be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (stating that if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### III.   Conclusion

For the reasons above, this case should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Plaintiff's action be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 9th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**